Argued and submitted February 12, attorney fee awards in judgments in A141002 and A141003 vacated and remanded; otherwise affirmed March 17, 2010

Davis KILE,
*Plaintiff-Respondent,*

*v.*

Kathleen YORK,
*Defendant-Appellant.*

Multnomah County Circuit Court
070100595; A141002 (Control)

Ryan COFFEY,
*Plaintiff-Respondent,*

*v.*

Kathleen YORK,
*Defendant-Appellant.*

Multnomah County Circuit Court
070100596; A141003

228 P3d 599

R. Daniel Lindahl argued the cause for appellant. With him on the brief was Lindahl Law Firm, PC.

No appearance for respondents.

Before Sercombe, Presiding Judge, and Rosenblum, Judge, and Breithaupt, Judge pro tempore.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Defendant appeals after the trial court awarded attorney fees to plaintiffs under ORS 20.080(1) (2007), a statute governing attorney fee awards in tort cases in which the amount pleaded is $5,500 or less.[1] The first sentence of that statute entitles a prevailing plaintiff to an award of attorney fees if the plaintiff made a written demand for payment at least 10 days before commencing the action; the second sentence of the statute, however, eliminates that entitlement if "the court finds that the defendant tendered to the plaintiff, *prior to the commencement of the action* * * * an amount not less than the damages awarded to the plaintiff." ORS 20.080(1) (emphasis added). Defendant argued below that she made such a tender six hours before plaintiffs filed their complaints, thereby extinguishing their rights to attorney fees. The trial court rejected that argument and ruled that a qualifying tender needed to be made earlier—that "prior to the commencement of the action" means at least a day before the complaint is filed. On appeal, defendant contends that the trial court's construction of the second sentence of ORS 20.080(1) is erroneous in that it adds language to the statute that is inconsistent with its text. We agree with defendant and, therefore, vacate the attorney fee awards and remand for reconsideration of plaintiffs' attorney fee requests.

Plaintiffs Coffey and Kile were injured in a car accident with defendant. Coffey and Kile (his passenger) each filed separate complaints against defendant. The cases were consolidated and tried to a jury, which returned a verdict for Coffey in the amount of $1,953.50 and a verdict for Kile in the amount of $1,829. Plaintiffs then petitioned for their attorney fees pursuant to ORS 20.080(1). Defendant responded to those petitions by offering evidence that she (through her insurer) had tendered settlement offers of $2,000 to each plaintiff at 10:18 a.m. on January 22, 2007. That tender, she argued, was made prior to the commencement of the action (the complaints were both filed at 4:22 p.m. that same day) and was greater than the amount of damages that either

---

[1] The statute has since been amended. Or Laws 2009, ch 487, § 1. The amendments do not affect our analysis, and our references to ORS 20.080 are to the 2007 version of the statute.

plaintiff was awarded. Thus, the tender operated, in her view, to cut off plaintiffs' rights to attorney fees under the second sentence of ORS 20.080(1).

In reply, plaintiffs disputed that defendant had actually made a settlement offer on the morning of January 22. They offered evidence that defendant's insurer tendered $1,000 to each plaintiff in October 2006 and stood firm on that offer through trial. At no point in their briefing or during oral argument before the trial court did plaintiffs suggest that the January 22 tender, if made, was untimely. Nevertheless, the trial court rejected defendant's arguments on that ground without first resolving the underlying factual dispute. The court explained:

> "Okay. 10:23 * * * sometime on the 22nd. The complaints were filed on the 22nd at 4:22 p.m. Okay. I simply think that the spirit and intent of the statute requires an offer to be made prior to the date the complaint was filed, and I don't think when we get down to minutes and hours we're carrying out the spirit of what the legislature intended in terms of making an offer before the complaint was filed."

The court then entered judgments awarding plaintiffs their attorney fees, which defendant appeals.

The issue before us is purely one of law: the meaning of ORS 20.080(1). That statute provides:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action * * *. *However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action * * * an amount not less than the damages awarded to the plaintiff.*"

ORS 20.080(1) (emphasis added). As set out above, the trial court ruled that the "spirit and intent" of the statute demand

that, in order to cut off the right to attorney fees, a defendant's tender be made "prior to the date the complaint was filed."

In construing ORS 20.080(1)—and, in particular, the phrase "prior to the commencement of the action"—we examine the text of the statute in context, along with any helpful legislative history offered by the parties. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). The words "prior to" are commonly understood to mean "in advance of : BEFORE ‹pay the balance due *prior to* receiving the goods›." *Webster's Third New Int'l Dictionary* 1804 (unabridged ed 2002). The words "commencement of the action," by contrast, have a defined legal meaning. The Oregon Rules of Civil Procedure provide: "**Commencement of action.** Other than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court." ORCP 3 (boldface in original). Thus, the text of ORS 20.080(1) unambiguously requires that a defendant's tender be made before the complaint is filed with the clerk of the court; it does not contain any further requirement that the tender be made at least *one day* before the complaint is filed.[2] The trial court erred in concluding otherwise. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted * * *.").

In sum, a tender made in advance of a plaintiff's filing of a complaint—even if made on the same day that the complaint is later filed—may nonetheless qualify as a tender made "prior to the commencement of the action." Because the trial court concluded otherwise, it did not reach the factual issue at the core of the parties' dispute—*i.e.*, whether defendant actually made the purported $2,000 tender on the morning of January 22. Accordingly, we vacate the judgments against defendant and remand for the trial court to consider that predicate factual issue.

Attorney fee awards in judgments in A141002 and A141003 vacated and remanded; otherwise affirmed.

---

[2] The parties have not offered any legislative history that calls into question that unambiguous meaning, nor are we aware of any.